Santini Fertilizer Co., demandante y apelada, *v.* Manuel Jiménez y Jiménez, demandado y apelante.

No. 5300.—*Sometido:* Marzo 5, 1931. *Resuelto:* Marzo 20, 1931.

*González Fagundo & González Jr.*, abogados del apelante; *R. Bus-caglia*, abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La Santini Fertilizer Co., una corporación organizada bajo las leyes de Puerto Rico, demandó a Manuel Jiménez Jiménez en cobro de $677.67, con intereses, y $200 pactados y pagados como honorarios por la demandante al abogado a quien encomendó la reclamación judicial. Excepcionó y contestó la demanda el demandado. Fué el pleito a juicio. Y la corte finalmente, basándose en las alegaciones y las prue-bas, dictó sentencia declarando la demanda con lugar.

No conforme el demandado, apeló, señalando en su alegato la comisión de tres errores, a saber: 1, indebida desestima-ción de excepción previa, 2, sentencia contraria a derecho, y 3, sentencia no sostenida por la prueba.

A nuestro juicio la demanda es suficiente. En ella se consigna que el demandado tomó a crédito a la demandante abono químico para sus plantaciones, suscribiendo y entre-gándole los cinco pagarés que se relacionan detalladamente y que totalizan la suma de $677.67 reclamada. Se alega el vencimiento de todos los pagarés y su pago por parte del demandado por medio de un cheque que no pudo hacerse efectivo porque el demandado no tenía fondos en el banco contra el cual lo expidió, y el nuevo requerimiento de pago al demandado y su negativa.

¿Qué más se quiere? Se alega el origen de la deuda. Los abonos químicos que vendió la demandante al demandado no quedaron pagados por la simple entrega de los pagarés. Dice, en lo pertinente, el artículo 1138 del Código Civil:

"La entrega de pagarés a la orden, o letras de cambio u otros do-cumentos mercantiles, sólo producirá los efectos del pago cuando hubiesen sido realizados, o cuando por culpa del acreedor se hubiesen perjudicado.

"Entretanto la acción derivada de la obligación primitiva quedará en suspenso."

Tampoco quedó la deuda solventada por la simple entrega del cheque. En el caso de *Cestero* v. *Sucesión Cestero,* 35 D.P.R. 991, refiriéndose el tribunal concretamente a cheques, dijo: "Una deuda no queda pagada por la mera entrega de un cheque; si el cheque no es pagado la deuda continúa en todo su vigor." Y aquí se alegó expresamente que el cheque entregado por el deudor demandado en pago de su deuda para con el demandante, no fué pagado.

No existe, pues, el primer error. Tampoco los otros dos señalados. Hemos examinado la prueba y es terminante a los efectos de demostrar la certeza de la deuda, el pretenso pago por medio de un cheque librado sin fondos, el no pago del cheque, el nuevo requerimiento de pago y el pretexto de la entrega previa de los pagarés para verificarlo. Decimos pretexto, porque la prueba demuestra de modo suficiente a nuestro juicio, que cuando la demandante recibió en su oficina principal el cheque del demandado, confiada en que sería honrado, puso el sello de cancelación por pago a los pagarés y los remitió por correo al demandado, siendo la fuerte presunción que los pagarés fueron recibidos y se encuentran en poder del propio demandado. Este declara que no, pero su declaración, que es la de un deudor que libró un cheque sin fondos para satisfacer la deuda de que se trata, no mereció crédito a la corte. La circunstancia de que en el recibo otorgado por el empleado de la demandante a quien el demandado en un pueblo distinto de la Isla entregó el cheque, diga que los pagarés se devolverían tan pronto se hiciera efectivo el cheque, no destruye la prueba de la devolución de los pagarés antes del cobro. El hecho de que un acreedor tenga para con su deudor la confianza que tuvo en este caso, no debe costarle la pérdida de su crédito.

El argumento de que los pagarés podían ser en el futuro cobrados, carece de fuerza. La conciencia del juzgador

puede fallar tranquila en la seguridad de que los pagarés están en poder del deudor en este caso.

*Debe confirmarse la sentencia recurrida.*

El Juez Asociado Señor Texidor no intervino.